UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEIGHTON R., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C23-6173 RSM <br><br> **ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS** |

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits (DIB). Plaintiff contends the ALJ erred by rejecting his symptom testimony and Dr. Widlan's medical opinion.[1] Dkt. 6. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 32 years old, has at least a high school education, and has worked as a warehouse worker and telephone clerk. Admin. Record (AR) 30–31. In April 2021, Plaintiff applied for benefits, alleging disability as of October 12, 2019. AR 108, 120. Plaintiff's

---

[1] Plaintiff also alleges the ALJ ignored his "tendency to frequently sleep due to depression." Dkt. 6 at 1. The Court construed this argument as part of Plaintiff's assignment of error with the ALJ's evaluation of his symptom testimony.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 1

1  application was denied initially and on reconsideration.  AR 118, 139.  After the ALJ conducted
2  a hearing in February 2023 (AR 69–106), the ALJ issued a decision finding Plaintiff not
3  disabled.  AR 14–36.

## DISCUSSION

5  The Court may reverse the ALJ's decision only if it is legally erroneous or not supported
6  by substantial evidence of record.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  The Court
7  must examine the record but cannot reweigh the evidence or substitute its judgment for the
8  ALJ's.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When evidence is susceptible to
9  more than one interpretation, the Court must uphold the ALJ's interpretation if rational.  *Ford*,
10 950 F.3d at 1154.  Also, the Court "may not reverse an ALJ's decision on account of an error
11 that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

12  **1.  Plaintiff's Symptom Testimony**

13  Plaintiff testified he is unable to work because of back and knee pain.  AR 86, 88.  He
14 explained he can only walk for a hundred feet before experiencing pain, and he spends most of
15 his time resting.  AR 88.  He stated he can stand for five minutes at a time and sit for 20 to 30
16 minutes before his back starts hurting.  AR 89.  Plaintiff also testified to having depression and
17 anxiety.  AR 87.  He explained that due to his anxiety, he has difficulties with interacting with
18 others, driving, and going to stores.  AR 88, 90–91, 98–99.  He explained has lost interest in
19 doing anything, is often sleeping, and is forgetful.  AR 94, 100–01.

20  Where, as here, an ALJ determines a claimant has presented objective medical evidence
21 establishing underlying impairments that could cause the symptoms alleged, and there is no
22 affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to
23 symptom severity by providing "specific, clear, and convincing" reasons supported by

substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

In this case, the ALJ found Plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms inconsistent with "unremarkable findings that demonstrate significant ability." AR 25. An ALJ may discount a claimant's testimony based on inconsistencies with objective medical evidence but, in doing so, must "explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony" in order "to satisfy the substantial evidence standard." *Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–38, 1040 (9th Cir. 2007)). The ALJ's explanations here do not fully satisfy this standard.

In rejecting Plaintiff's statements regarding his back pain, the ALJ pointed to imaging and examinations which revealed unremarkable or mild findings. AR 416, 447–48, 600–02. Based on the cited evidence, the ALJ could reasonably find Plaintiff's statements unsupported by the record. Plaintiff presents no evidence to dispute the ALJ's assessment, therefore the Court cannot say the ALJ erred in rejecting this portion of his testimony. However, the ALJ's analysis of the rest of Plaintiff's testimony is lacking. In rejecting Plaintiff's testimony regarding his knee, the ALJ relied on physical examinations and imaging records. AR 25–27. The ALJ pointed to Plaintiff's X-rays, which show no fracture or misalignment. AR 833. However, treatment records also show possible osteoarthritis and findings of knee pain and limited range of motion, even with physical therapy and treatment. AR 381, 385, 389–90, 833, 404, 494, 503, 712–15. They also indicate Plaintiff at times required an assistive device for his ambulation. AR 405, 564, 772, 1005, 1065. The ALJ similarly relied on Plaintiff's examinations in rejecting his

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 3

testimony regarding his mental health symptoms. AR 26–27. While the evidence does show some of Plaintiff's mental functioning, such as his thought processes, insight, and memory were normal, they also show Plaintiff continuously had a depressed mood. *See* AR 723–28, 731–34, 736–41, 749. Treatment notes show Plaintiff lacked energy and one of his long-term wellness goals was to enjoy his hobbies again. AR 724, 727, 730, 732, 735, 737, 740, 757. They further show there were occasions where Plaintiff was at risk of harming himself and others due to his mental health. AR 736, 739, 749, 755. Some treatment notes show Plaintiff started feeling better after being prescribed medication, but later examinations reveal Plaintiff was again found depressed with high levels of anxiety, indicating his improvement was limited. AR 949, 1013, 1020–21, 1024, 1026, 1034.

      The ALJ also pointed out Plaintiff was able to attend an awards event.[2] AR 27 (citing AR 1022). An ALJ may discount a claimant's symptom testimony when it is inconsistent with the claimant's general activity level. *See Molina*, 674 F.3d at, 1112–13; *Lingenfelter*, 504 F.3d at 1040. But the cited record also shows Plaintiff remained depressed and anxious, and he reported having difficulty during the event. AR 1021–22. Defendant directs the Court to other activities Plaintiff engaged in, but the Court may only affirm an ALJ's decision based on the reasons actually given, "not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

      Looking at Plaintiff's record as a whole, the evidence appears more in line with Plaintiff's statements about his knee pain and mental health. Accordingly, in rejecting these

---

[2] The Court does not agree with Defendant's assertion that Plaintiff failed to sufficiently raise this error. *See* Dkt. 8 at 6–7. In his Opening Brief, Plaintiff challenged the ALJ's failure to address records pertaining to Plaintiff's activity level. *See* Dkt. 6 at 5.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 4

portions of Plaintiff's testimony, the ALJ erred.

### 2.  Dr. Widlan

Dr. Widlan completed a psychological evaluation in December 2022 by conducting a clinical interview and a mental status examination and reviewing a selection of Plaintiff's records.  AR 855–59.  He opined Plaintiff meets the requirements for: depressive, bipolar and related disorders; anxiety and obsessive compulsive disorders; and autism spectrum disorder.  AR 895.  He opined Plaintiff can accept simple instructions, but would be easily overwhelmed with more complex tasks.  *Id*.  Dr. Widlan also completed a mental functional capacity assessment and found Plaintiff has marked limitations in certain understanding and memory, sustained concentration and persistence, social interaction, and adaptation functionalities.  AR 852–54.  He opined Plaintiff's impairments would interfere with his ability to work on a regular and sustained basis at least 20 percent of the time, and Plaintiff would miss 18 days of work per month.  AR 854.

Under the applicable rules, the ALJ must "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions" by considering their supportability, consistency, relationship with the claimant, specialization, and other factors.  20 C.F.R. § 404.152c(c).  The ALJ is specifically required to consider the two most important factors, supportability and consistency.  20 C.F.R. § 404.1520c(a).  The supportability factor requires the ALJ to consider the relevance of the objective medical evidence and the supporting explanations presented by the medical source to justify their opinion.  20 C.F.R. § 404.1520c(c)(1).  The consistency factor involves consideration of how consistent a medical opinion is with the other record evidence.  20 C.F.R. § 404.1520c(c)(2).  Further, under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or

BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 5

inconsistent without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

In this case, the ALJ found Dr. Widlan's opinions "not entirely persuasive." AR 29. The ALJ acknowledged they had support from his examination findings, but nonetheless rejected both because of their inconsistencies with the record. *Id*. Plaintiff first challenges the ALJ's rejection based on his activities. Dkt. 6 at 5–6; AR 28. The ALJ pointed out that although Plaintiff reported in his interview with Dr. Widlan that he has no regular social activities, the record shows he shopped for and celebrated his daughter's birthday and spent time with her. AR 29 (citing AR 858, 920). However, the cited evidence does not indicate these activities were regular in nature, therefore the ALJ's inconsistency finding is undermined. Plaintiff also challenges the ALJ's rejection based on the opinions' inconsistency with his mental status examinations. Dkt. 6 at 6; AR 28. But as discussed in the previous section, though certain aspects of Plaintiff's mental functioning were normal, he was continuously observed as depressed and anxious, with no meaningful improvement from his medication and treatment. Overall, the ALJ's inconsistency findings are not supported by substantial evidence, therefore, in rejecting Dr. Widlan's opinions, the ALJ erred.

### 3.    Scope of Remedy

Plaintiff requests the Court to remand this case for an award of benefits, or alternatively, for a new hearing. Dkt. 6 at 6.

Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ

has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).  Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted).  If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020.  "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

        Only the first step is met here, as the Court has found the ALJ partially erred in evaluating Plaintiff's testimony and erred in rejecting Dr. Widlan's opinions.  However, they remain contradicted by other evidence in the record, raising a conflict in the record that requires a resolution. *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) ("[T]he district court must 'assess whether there are outstanding issues requiring resolution *before* considering whether to hold that [the rejected evidence] is credible as a matter of law.'") (quoting *Treichler*, 775 F.3d at 1105).  Plaintiff also has not analyzed the factors the Court considers before remanding for an award of benefits, nor shown any rare circumstances.  Accordingly, the Court finds remanding for further proceedings is the more appropriate remedy.

        On remand, the ALJ shall reevaluate Plaintiff's testimony regarding his knee pain and mental health symptoms, as well as Dr. Widlan's opinions.  The ALJ shall reevaluate all relevant steps of the disability evaluation process, and conduct all proceedings necessary to reevaluate the

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 7

disability determination in light of this order.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 15th day of May, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE